IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONARD STELMASZEK, | |
| Plaintiff, | 8:15-CV-80 |
| vs. | MEMORANDUM AND ORDER |
| OMAHA WORLD HERALD CO., et al., | |
| Defendants. | |

This matter is before the Court on its own motion. Plaintiff filed this case on March 3, 2015. The record shows that plaintiff has yet to complete service of process. Pursuant to Federal Rule of Civil Procedure 4, service of process must be completed within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

Where service has not been completed within 120 days after the filing of the complaint, the Court may, on its own motion, dismiss the action without prejudice, or order that service be made within a specified time, provided that the plaintiff is first notified. Fed. R. Civ. P. 4(m). Additionally, if a plaintiff shows there was "good cause" for the failure to complete service in a timely fashion, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until August 10, 2015, to complete service of process or to show cause why this case should not be dismissed for his failure to effect service of process. If plaintiff does not respond, or if good cause is not shown, this action will be dismissed without prejudice and without further notice.

2. The Clerk's Office is directed to set a pro se case management deadline with the following text: August 10, 2015: deadline for plaintiff to show cause why service of process was not completed.

Dated this 8th day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

## Notice Regarding Federal Rule of Civil Procedure 4(i)

Federal Rule of Civil Procedure 4(i) regarding "Serving the United States and Its Agencies, Corporations, Officers, or Employees," states:

(1) *United States*. To serve the United States, a party must:

    (A)(i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

    (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    (C)  if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

> (A)   serve a person required to be served under Rule 4(i)(2), if the
>> party has served either the United States attorney or the Attorney General of the United States; or
>
> (B)   serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.